Argued March 28, affirmed April 29, petition for reconsideration denied June 6, petition for review denied June 11, 1974

MAZAMA TIMBER PRODUCTS, INC., *Petitioner,*
*v.* LANE REGIONAL AIR POLLUTION
AUTHORITY, *Respondent.*

R.D.I., INC., *Petitioner, v.* LANE REGIONAL AIR
POLLUTION AUTHORITY, *Respondent.*

521 P2d 1315

*Laurence E. Thorp,* Springfield, argued the cause for petitioners. With him on the briefs was Sanders, Lively & Wiswall, Springfield.

*Joe B. Richards,* Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, Eugene.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

These petitions for judicial review challenge the constitutionality of former ORS 449.973 (3)[1] which set out the procedure by which a regional air pollution authority could collect civil penalties imposed by it for violation of its regulations:

"(3) The final order of the commission or regional authority under ORS 449.967 to 449.973, 449.980 and 449.993 shall, unless the amount of the penalty is paid within 10 days after the order becomes final, constitute a judgment and may be filed with the county clerk in any county of this state. The clerk shall thereupon record the name of the person incurring the penalty and the amount of the penalty in the judgment docket. The penalty provided in the order so docketed shall become a lien upon the title to any interest in real property owned by the person against whom the order is entered, and execution may be issued upon the order in the same manner as execution upon a judgment of a court of record."

Petitioners contend that that statute violates the principle of separation of powers on the theory that the power to enter judgments is a judicial function which cannot be conferred on an administrative agency. While we have been referred to no authority on either side of this precise question, we note that in *Mallatt v. Luihn,* 206 Or 678, 294 P2d 871 (1956), the Oregon Supreme Court rejected a similar contention involving the power of the State Public Welfare Commission to enforce its assessments through a summary

[1] ORS 449.973 was renumbered and re-created in substantially the same form by the 1973 Legislature as ORS 468.135 (4).

warrant procedure. The court concluded in *Mallatt* that such a procedure was permissible so long as adequate judicial review was afforded at some stage of the proceedings. 206 Or at 700.

Orders of regional air pollution authorities, such as that involved in the present proceeding, are subject to judicial review under the Administrative Procedures Act. ORS 468.110. That being so, no violence is done to the principle of separation of powers. Former ORS 449.973 (3) is not an unconstitutional delegation of judicial power.

Affirmed.