Argued and submitted January 28, reversed and
remanded with instructions April 27, 1981

# BAXTER,
## *Petitioner,*
### *v.*
# MONMOUTH CITY COUNCIL,
## *Respondent.*

(No. 79-034, CA 18622)

627 P2d 500

Jossi Davidson, Silverton, argued the cause and filed the brief for petitioner.

Dennis McCaffrey, Monmouth City Attorney, Dallas, argued the cause and filed the brief for respondent.

Dave Frohnmayer, Attorney General, John McCulloch, Jr., Solicitor General, William Gary, Deputy Solicitor General, and Mary J. Deits, Assistant Attorney General, Salem, filed a brief amicus curiae for Land Use Board of Appeals.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Petitioner seeks review of an order of the Land Use Board of Appeals (LUBA) affirming approval by the Monmouth City Council (City) of a minor partition of land. We reverse.

This case arises from an application by two Monmouth property owners for partition of their two parcels of land into three parcels. Petitioner's property is adjacent to one of the parcels for which partitioning was sought. The City's Planning Commission staff recommended approval of the partitioning upon the condition that interior utility easements and sidewalks be provided. After a public hearing the Planning Commission denied the application without indicating its reasons for so doing. The applicants appealed to the City Council, which held another public hearing, after which it approved the partitioning as submitted. Petitioner sought review by LUBA, which affirmed the city's action.

We first address petitioner's contention that LUBA had no jurisdiction to review the City's action because the statute creating the Land Use Board of Appeals, Or Laws 1979, Ch 772, §§ 1-6a, violates the doctrine of separation of powers, Article III, § 1 and Article VII (Amended), § 1, of the Oregon Constitution.[1] Petitioner does not claim that administrative agencies may never exercise judicial functions, but argues rather that those functions must be ancillary to the exercise of administrative duties within the agency. Petitioner argues that LUBA is an administrative agency with only judicial functions and that this violates the constitution.

---

[1] Article III § 1 provides:

"The powers of the Government shall be divided into three seperate (sic) departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Article VII (Amended), § 1 provides in part:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. The judges of the supreme and other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years * * *."

LUBA is empowered by Or Laws 1979, ch 772, §
2(a)(1) to "conduct review proceedings upon petitions filed
in the manner prescribed * * *." Its only function is to
review land use decisions. It is this delegation of solely
adjudicatory functions to an individual agency which peti-
tioner contends is unconstitutional.

The doctrine of separation of powers has never
been held in this state to prevent the exercise of judicial
powers by administrative agencies. *See, e.g., In re Willow
Creek,* 74 Or 592, 144 P 505, 146 P 475 (1915); *Evanhoff v.
State Industrial Acc. Com.,* 78 Or 503, 154 P 106 (1915);
*Mallatt v. Luihn et al,* 206 Or 678, 294 P2d 871 (1956);
*Mazama Tim. v. Lane Air Poll. Auth.,* 17 Or App 288, 521
P2d 1315 (1974). As noted in *In re Willow Creek, supra,* at
612:

> "The separation of the powers, both state and national,
> has not been complete. The practical necessities of efficient
> government prevent a complete defined division. It has
> been necessary to vest in each department certain powers
> which primarily should not belong to it. * * * In many
> respects these acts provide for the performance of duties by
> administrative boards judicial in their nature or *quasi*
> judicial."

Delegation of adjudicatory powers to administra-
tive agencies has been upheld in this state where judicial
review is provided at some stage of the proceeding. *See
Mallatt v. Luihn et al, supra; Mazama Tim. v. Lane Air
Poll. Auth., supra; cf., Evanhoff v. State Industrial Acc.
Com., supra.* This is consistent with the interpretation of
the separation of powers doctrine adopted by federal courts.
*See Phillips v. Commissioner of Internal Revenue,* 283 US
589, 75 L Ed 1289, 51 S Ct 608 (1930); *Sunshine Anthracite
Coal Co. v. Adkins,* 310 US 381, 84 L Ed 1263, 60 S Ct 907
(1940). Review of LUBA decisions by this court is provided
in Or Laws 1979, ch 772, § 6a.

■ We do not believe that the constitutionality of
LUBA depends upon whether it was created as a separate
agency or as part of another agency, such as the Depart-
ment of Land Conservation and Development. The ad-
judicatory functions carried out by LUBA are ancillary to
an administrative objective: the regulation of land use in
this state. Whether the legislature creates a single agency

or numerous agencies to accomplish this goal is unimportant. The establishment of LUBA did not violate the doctrine of separation of powers as expressed in Article III, § 1 or Article VII (Amended), § 1 of the Oregon Constitution.

On the merits, petitioner assigns as error LUBA's determination that the City's decision was supported by adequate written findings. The City's decision was made at the City Council hearing by an oral vote of the members. A letter was then sent to the applicants by the Mayor indicating that the partition had been approved. The letter summarized the evidence presented by the proponents and the opponents of the partition, and concluded:

"Because your partitioning would meet the area and frontage requirements of the zoning ordinance, its denial by the Planning Commission was reversed and the partitioning was approved by the City Council."

The statement that the partitioning would meet the frontage and square footage requirements of the zoning ordinance is the only "finding" made. Petitioner contends that the City had discretion to deny the partitioning application even if the frontage and square footage requirements of the ordinance were met, because the "purposes" section of the zoning ordinance[2] provides standards for application in land use decisions by the City. Petitioner contends that it was error for the City to fail to consider and make findings regarding the application of those standards.

---

[2] Section 90.220 of the ordinance provides:

*"Purpose.* In their interpretation and application, the provisions of Sections 90.210 to 90.695 shall be held to be the minimum requirement adopted for the public health, safety, and welfare. To protect the people, among other purposes, such provisions are intended to provide for permanently wholesome community environment, adequate municipal services, and safe streets, for accomplishing, among other things, the following objectives:

"(a)  Better living conditions within new subdivisions;

"(b)  Areas which may be economically developed;

"(c)  Simplification and definiteness of land descriptions;

"(d)  Establishment and development of street, utilities, and public areas;

"(e)  Stabilization of property values in the subdivision and adjacent areas."

LUBA found that the purposes section of the ordinance was not necessarily intended to provide standards for decision-making under the ordinance, citing *Anderson v. Peden,* 284 Or 313, 587 P2d 59 (1978), and deferred to what it considered to be the City's interpretation of its own ordinance, i.e., that the purposes were not intended to serve as standards for decision-making. LUBA concluded that the frontage and square footage requirements of the ordinance were the only requirements for allowance of a partition and that once those requirements were shown to have been met, the City had no discretion in granting the partition. From that conclusion it followed that the finding made by the city was adequate to support the granting of the partition.

We might be inclined to agree with LUBA's reasoning in this matter were it not for the statements made by counsel for the City at the oral argument of this case before this court.[3] The City then indicated that its position was always that it had discretion to consider factors other than the frontage and square footage requirements in deciding whether to grant a partition, but that *in this case* the City found those requirements were all they were required to consider. This leaves us somewhat confused as to the City's interpretation of its ordinance.

■ Once the comprehensive plan and implementing ordinances of a local government unit have been acknowledged by the Land Conservation and Development Commission, *see* ORS 197.251, land use decisions are to be governed by the criteria contained in that plan and those ordinances. ORS 197.275(2); *Neuberger v. City of Portland,* 288 Or 155, 603 P2d 771 (1979). The City of Monmouth has received acknowledgment of its comprehensive plan and zoning ordinances and, therefore, the criteria for the granting of a partition are to be supplied by reference to its comprehensive plan and zoning ordinances.

■ ■ We agree with LUBA that the City, in making a land use decision, is not required to consider factors set forth in the purposes section of the ordinance if that was not the intent of the ordinance. However, whatever criteria

---

[3] The City made similar statements in its argument before LUBA.

*are* applicable to the request for a partition of land must be applied to all such applications. LUBA's decision was based, at least in part, on deference to what it understood to be the City's own interpretation of its ordinance. The City now indicates that that is not and has not been its interpretation of that ordinance. By indicating that it has *discretion* to consider other factors in deciding whether to grant a partition of land, the City has, in effect, admitted that it did not make findings on all criteria made relevant to the decision by the proceedings before it. *Cf. Hillcrest Vineyard v. Bd. of Comm. Douglas Co.,* 45 Or App 285, 608 P2d 201 (1980). On the basis of this admission, we conclude that LUBA was in error in finding that the City's order was supported by adequate findings. We reverse and remand to LUBA with instructions to enter an order consistent with this opinion.[4]

Reversed and remanded with instructions.

---

[4] Because of our disposition of this case we need not consider petitioner's final assignment of error.