Argued and submitted May 9, affirmed October 26, 1983

# DENNIS LEE PERKEY,
### *Petitioner,*

*v.*

# PSYCHIATRIC SECURITY REVIEW
# BOARD et al,
### *Respondents.*

## (79-225; CA A26111)

670 P2d 1061

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner appeals an order of the Psychiatric Security Review Board (PSRB) continuing its jurisdiction over him and continuing his commitment to a state hospital. The questions presented for our consideration are: (1) whether the statute transferring jurisdiction over petitioner from the circuit court to the PSRB is an unconstitutional *ex post facto* law; and (2) whether that transfer of jurisdiction violates constitutional doctrines of separation of powers. We affirm.

Petitioner was first admitted to the Oregon State Hospital in 1960 at age 9. In 1970, he was accused of murdering a fellow patient; in February, 1971, he was found not guilty by reason of insanity. Pursuant to former ORS 136.730 (*repealed by* Or Laws 1971, ch 743, § 432), the trial court ordered petitioner committed to the custody of the superintendent of the Oregon State Hospital for life or until he becomes sane or is otherwise released.[1]

In January, 1976, the trial court reexamined petitioner's commitment status to determine whether he should be discharged or continued in custody as required under former ORS 161.350 (*repealed by* Or Laws 1977, ch 380, § 16).[2] The court determined that petitioner was still affected by a mental disease or defect and was still a substantial danger to himself and others and continued his commitment.

In January, 1978, jurisdiction for this type of commitment was transferred from the circuit court to PSRB by

---

[1] Former ORS 136.730 provided:

"If the defense is the insanity of the defendant, the jury shall be instructed to state, if it finds him not guilty on that ground, that fact in the verdict, and the court shall thereupon, if it deems his being at large dangerous to the public peace or safety, order him to be committed to any hospital or institution, authorized by the state to receive and keep such persons, until he becomes sane or is otherwise discharged therefrom by authority of law."

[2] Former ORS 161.350 became effective January 1, 1972, after the date of petitioner's initial commitment. It provided for court review of a committed defendant's status after a five year period of custody or conditional release. It was repealed effective January 1, 1978, and was replaced by ORS 161.351, which presently provides for similar review by PSRB. ORS 161.351(3).

Oregon Laws 1977, chapter 380, section 22. Petitioner subsequently has had four hearings before PSRB.[3] At each hearing, PSRB continued its jurisdiction over petitioner and continued the commitment. Petitioner appeals from the order of PSRB after his last hearing, held on September 3, 1982, on his application for discharge or conditional release.

Petitioner does not challenge PSRB's findings or conclusions, only its jurisdiction over him. He first contends that the laws under which his commitment has been continued are unconstitutional under Article I, section 10, of the United States Constitution and Article I, section 21, of the Oregon Constitution as *ex post facto* laws. Specifically, he argues that Oregon Laws 1977, chapter 380, section 22, which transferred jurisdiction over persons committed to a state hospital from the circuit court to PSRB is *ex post facto* as applied to him. We do not agree.

■ *Ex post facto* legislation makes criminal an act not criminal when done, makes an act a greater crime than it was when it was committed, imposes a greater punishment than that in effect at the time of the offense or permits a conviction upon lesser or different evidence than was required at the time the offense was committed. Constitutional prohibitions against *ex post facto* laws refer only to criminal laws. *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977); *Calder v. Bull,* 3 US (3 Dall.) 386, 1 L Ed 648 (1798). Assuming that the statute transferring jurisdiction to PSRB is a criminal law, we do not find a violation of the constitutional prohibition against *ex post facto* laws. Petitioner complains because he is now required to seek review of his commitment status in a different forum. He fails to show that that transfer of jurisdiction to the PSRB has increased his penalty, imposed upon him a greater burden of proof or otherwise deprived him of any due process rights, and we find that the change has not

---

[3] A person committed to the Mental Health Division may file an application for discharge or conditional release once every six months. ORS 161.341(4) and (5). Hearings were held in response to petitioner's applications on June 22, 1979, September 19, 1980, and September 3, 1982. The board also held a hearing on October 9, 1981, pursuant to ORS 161.351, which then required it to conduct a hearing when a person had been in custody or on conditional release for 10 years. ORS 161.351 was amended by Or Laws 1981, ch 711, § 13, to require a hearing after five years.

prejudiced him in any manner.[4] Oregon Laws 1977, chapter 380, section 22, is not *ex post facto* as applied to him.

■ Petitioner next contends that the transfer of jurisdiction from the circuit court to the PSRB confers judicial power on the PSRB in violation of the principal of separation of powers contained in Article III, section 1, of the Oregon Constitution.[5] The contention is without merit.

■ Appellate courts of this state have repeatedly upheld statutes giving administrative agencies adjudicatory powers against claims that they violate the separation of powers article. *In re Willow Creek,* 74 Or 592, 144 P 505, 146 P 475 (1915) (statute created a board of control with power to determine water rights); *Evanhoff v. State Industrial Acc. Com.,* 78 Or 503, 154 P 106 (1915) (statute created commission with power to adjudicate workers' compensation claims); *Mallatt v. Luihn et al,* 206 Or 678, 294 P2d 871 (1956) (statute gave commission power to determine the liability of relatives for contribution to support of persons receiving old age

---

[4] The transfer of jurisdiction over petitioner from the circuit court to PSRB has not diminished his due process rights. At the time of his commitment, the controlling statute required the court to commit a defendant found not guilty by reason of insanity to a state hospital "until he becomes sane or is otherwise discharged therefrom by authority of law." Former ORS 136.730 (*repealed by* Or Laws 1971, ch 743, § 432). It contained no provision for subsequent mandatory review of the person's commitment status; a person seeking release had to proceed by writ of habeas corpus. The present statutory scheme permits a person to apply for release at six month intervals and in addition requires periodic review by PSRB. ORS 161.341(4) and (5); 161.351(3). A person seeking a writ of habeas corpus had to prove by a preponderance of the evidence that the person had the mental capacity to understand the difference between right and wrong *and* that it was reasonably probable that the person would not be a danger to the public in the reasonably foreseeable future. *Newton v. Brooks,* 246 Or 484, 492, 426 P2d 446 (1967). A person applying for release under ORS 161.341(4) must prove by a preponderance of the evidence only that the person is no longer affected by mental disease or defect *or,* if so affected, that the person no longer presents a substantial danger to others. Thus, the present statutes provide greater protection of the rights of a committed person and do not impose a more onerous burden of proof on a person seeking release.

[5] Or Const, Art III, § 1 provides:

"The powers of the Government shall be divided into three seperate [sic] departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Petitioner also contends that the transfer of jurisdiction violates the United States constitutional doctrine of separation of powers. We address that argument only to note that the federal doctrine is applicable only to the federal government. *See Miller v. Gladden,* 341 F2d 972 (9th Cir 1965).

assistance); *Miller v. Gladden,* 233 Or 174, 377 P2d 165, *cert den* 373 US 942 (1962) (statute provided that a prisoner recommitted for violation of parole must serve out his sentence without credit for time he was out on parole); *Mazama Tim. v. Lane Air Poll. Auth.,* 17 Or App 288, 521 P2d 1315, *rev den* (1974) (statute established procedure for a regional air pollution authority to collect civil penalties it imposed). The Oregon constitutional doctrine of separation of powers has never been held to prevent the exercise of adjudicatory powers by administrative agencies. *See Baxter v. Monmouth City Council,* 51 Or App 853, 856, 627 P2d 500 (1981). Delegation of adjudicatory powers to administrative agencies is valid if judicial review is provided at some stage of the proceeding. *In re Willow Creek, supra; Baxter v. Monmouth City Council, supra,* 51 Or App at 856; *Mazama Tim. v. Lane Air Poll. Auth., supra.* Review of PSRB orders by this court is provided by ORS 161.385(9)(a). The statute conferring jurisdiction over petitioner on PSRB does not violate Article III, section 1.

Affirmed.