## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS ORLANDO CARR, JR.,
*Appellant.*

### (C 84-11-34938; CA A43564)

756 P2d 1263

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his convictions for sodomy in the first degree, rape in the first degree and two counts of sexual abuse in the second degree. We affirm.

Defendant assigns as error the trial court's admission of evidence of his prior convictions for impeachment purposes. He argues, first, that the court's reliance on the then newly amended version of OEC 609 subjected him to an *ex post facto* application of the law in violation of his constitutional rights. We do not agree. *See State v. Babb,* 91 Or App 676, 756 P2d 1264 (1988). Defendant also contends that the trial court erred, because it did not balance the probative value of the evidence against its prejudicial effect under OEC 403. However, as we held in *State v. Dick,* 91 Or App 294, 754 P2d 628 (1988), the amendment of OEC 609(1)(a), deleting the balancing of probative value against prejudicial effect, makes OEC 403 balancing inapplicable as to prior conviction impeachment evidence.

Defendant also assigns error to the trial court's denial of his motion for a mistrial, which was based on alleged prosecutorial misconduct in calling the victim's sister as a witness, knowing that she would refuse to testify. He argues that the witness's emotional conduct in front of the jury in refusing to testify and stating that she was scared prejudiced him and denied him a fair trial. We do not agree. Rulings on motions for mistrial are addressed to the sound discretion of the trial court, and we review only for abuse of that discretion. *State v. Jordan,* 79 Or App 682, 719 P2d 1327, *rev den* 301 Or 667 (1986). The trial court found that the witness did not decide to refuse to testify until she took the stand and was asked questions that she did not want to answer. The only testimony which defendant contends was irreparably prejudicial was the witness's statement that she was scared of defendant. However, defendant did not object to the question or the response, and no further comment about it was made by any party or witness. We find no abuse of discretion.[1]

Affirmed.

---

[1] We have also considered defendant's argument that the evidence was barred by the "law of the case" principle and conclude that it lacks merit.