# STATE OF OREGON,
*Respondent,*

*v.*

# RANDY ALLEN BABB,
*Appellant.*

(86C-21525; CA A44228)

756 P2d 1264

Henry M. Silberblatt, Salem, argued the cause for the appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his convictions on two counts of robbery in the first degree. ORS 164.415. Both counts involved the same robbery and the same victim; count I alleged use of a dangerous weapon, a knife, and count II alleged use of a deadly weapon, a pistol. The jury convicted defendant of both counts, which the court "merged" for purposes of sentencing. Defendant argues that the trial court erred in denying his motion to suppress evidence of his prior convictions and in failing to merge the convictions.

Defendant argues that the trial court erred in two respects in denying his motion to suppress evidence of his prior convictions. The first is that the court allowed the state, under OEC 609, to introduce, for impeachment purposes, defendant's robbery convictions. The present version of OEC 609, which was adopted in 1986 as part of Ballot Measure 10, was not in effect at the time when the crime was committed but was in effect at the time of trial. Defendant argues that, because the amended statute was enacted after the offense was committed, he was subjected to an *ex post facto* application of the law in violation of Article I, section 21, of the Oregon Constitution and Article I, section 10, of the United States Constitution.

We have defined *ex post facto* legislation as

"legislation [which] makes criminal an act not criminal when done, makes an act a greater crime than it was when it was committed, imposes a greater punishment than that in effect at the time of the offense or permits conviction upon lesser or different evidence than was required at the time the offense was committed." *Perkey v. Psychiatric Security Review Board,* 65 Or App 259, 262, 670 P2d 1061 (1983).

The court's use of the amended provisions of OEC 609 did not result in an *ex post facto* application of the law. The changes made were: (1) deleting the requirement that, before admitting past felony convictions for impeachment, the court must first determine "that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant"; (2) allowing the use of prior convictions up to fifteen years old (whereas, formerly, only convictions up to ten years old could be used); (3) permitting the proponent of impeachment evidence an opportunity to rebut any explanation of the

crime or conviction given by the witness; and (4) permitting impeachment with nonfelony criminal convictions involving "dishonesty" (whereas, formerly, only such convictions involving "false statement" could be used).

The amendments did not make defendant's act a greater crime nor impose a greater punishment, nor did they permit conviction on lesser or different evidence. The evidence at issue is not evidence required to support a verdict; it is impeachment evidence. The amended provisions do not alter the nature or amount of evidence necessary to establish first degree robbery.

Our conclusion is the same with respect to defendant's *ex post facto* argument under Article I, section 10, of the federal constitution. *See Dobbert v. Florida,* 432 US 282, 292, 97 S Ct 2290, 53 L Ed 2d 344 (1977).

■ Defendant also argues that the evidence should have been suppressed because, even if the court is no longer required to balance the probative value of the evidence against its prejudicial effect under OEC 609, OEC 403 requires a similar balancing test. However, in *State v. Dick,* 91 Or App 294, 754 P2d 628 (1988), we held that the amendment of OEC 609(1)(a), deleting the balancing of probative value against prejudicial effect, makes any OEC 403 balancing inapplicable as to prior conviction evidence. Accordingly, the court did not err in admitting evidence of defendant's prior convictions for impeachment. *See State v. Carr,* 91 Or App 673, 756 P2d 1263 (1988).

■ In his second assignment of error, defendant argues that the court should have merged the two robbery convictions into a single conviction, rather than only for sentencing purposes. The state agrees but contends that the trial court did merge the convictions for all purposes. The court orally ordered that "the convictions do merge for the purposes of conviction as well as for sentencing." The court's oral ruling was correct, because the two counts of robbery presented to the jury were in the alternative, alleging armed robbery of the same victim at the same time and place. However, the language of the judgment is inconsistent with the court's correct oral ruling. The judgment states:

"IT IS HEREBY ORDERED AND ADJUDGED that the

Court merges the crime of COUNT II - ROBBERY IN THE FIRST DEGREE in the above entitled case, into the crime of COUNT I - ROBBERY IN THE FIRST DEGREE in the above-entitled case so that a judgment of GUILTY OF COUNT II - ROBBERY IN THE FIRST DEGREE is entered but no sentence is imposed * * *."

Accordingly, we vacate the conviction on count II and affirm the conviction on count I.

Conviction on count II vacated; judgment otherwise affirmed.