174
Argued and submitted August 26, 1994, affirmed February 22, 1995

# STATE OF OREGON,
*Appellant,*

*v.*

# SAMUEL ROBERT RUDDER,
*Respondent.*

# (93NB1223; CA A82625)

889 P2d 1367

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andy Simrin, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Riggs, Presiding Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Riggs, P. J., *vice* Rossman, P. J., retired.

### De MUNIZ, J.

Defendant was charged in Coos County District Court with menacing, a Class A misdemeanor. ORS 163.190. The state appeals a pretrial order granting defendant's motion to dismiss on the ground that the district court lacked jurisdiction. We affirm.

■    The issue here arises from the 1993 amendment to ORS 161.635, in which the legislature increased the maximum fine for Class A misdemeanors from $2,500 to $5,000. Or Laws 1993, ch 680, § 30. The legislature did not, however, amend ORS 46.040, the jurisdictional statute for district court, which provides:

> "District courts shall have the same criminal and quasi-criminal jurisdiction as justices' courts, and shall have concurrent jurisdiction with the circuit courts of all misdemeanors committed or triable in their respective counties where the punishment prescribed does not exceed one year's imprisonment in the county jail or a fine of $3,000, or both such fine and imprisonment. District courts shall have concurrent jurisdiction with municipal courts of all violations of the charter and ordinances of any city wholly or in part within their respective counties, committed or triable within their respective counties."[1]

Under the statute, a district court has the same jurisdiction as justice courts, but a district court's jurisdiction of misdemeanors is only for those with fines that do not exceed $3,000. Despite that jurisdictional limit, the state argues that the legislature, in raising the fine for Class A misdemeanors, did not deprive district courts of jurisdiction over them. It offers three alternative theories in support of its position: (1) district courts have the same jurisdiction as justice courts, which have jurisdiction over all misdemeanors without regard to the maximum fine; (2) the increase in the fine for Class A misdemeanors only limits the amount of fine that district courts may impose; or (3) the legislature impliedly amended the district court's jurisdictional limit in ORS 46.040.

■■    The state's first argument is based on the opening clause of ORS 46.040, which gives district courts the "same

---

[1] Jurisdiction over violations of city charters and ordinances does not apply here, because defendant was charged with violating a state statute.

criminal'' jurisdiction as justices' courts. Under ORS 51.050(1), justice courts have jurisdiction over *"all* misdemeanors * * *."[2] Thus, the state argues, district courts have jurisdiction over all misdemeanors. However, that interpretation ignores the second clause, that district courts have jurisdiction of "all misdemeanors" that are punishable by a fine of not more than $3,000. In construing a statute, we are not free to omit what has been inserted or to insert what has been omitted, and must, if possible, give effect to all particulars. ORS 174.010. When those requirements are applied to the text of ORS 46.040, the general term "all misdemeanors," inferred from the first clause, is limited by the specific jurisdictional amount in the second clause.

■■  We also are not persuaded by the state's argument that the amendment to ORS 163.635 simply limits the amount of the fine that a district court could impose in a Class A misdemeanor. Jurisdiction is determined by whether the court has the authority to enter upon the inquiry and make some decision. *Zollinger v. Warner*, 286 Or 19, 23, 593 P2d

---

[2] ORS 51.050(1) in its entirety provides:

"(1) Except as otherwise provided in subsection (2) of this section, in addition to the criminal jurisdiction of justices' courts already conferred upon and exercised by them, justices' courts have jurisdiction of all misdemeanors committed or triable in their respective counties."

ORS 51.040 gives justice courts jurisdiction

"of the following crimes committed or triable in their respective counties:

"(1) Theft, where the punishment may be imprisonment in the county jail or by fine.

"(2) Assault, and attempted assault, not charged to have been committed with intent to commit a felony, or in the course of a riot, or with a dangerous or deadly weapon, or upon a public officer in the discharge of the duties of the public officer.

"(3) Any misdemeanor defined and made punishable by ORS 164.049, 164.045, 164.245 or 164.354 [Theft III, Theft II, Criminal Trespass II or Criminal Mischief II].

"(4) Any misdemeanor defined and made punishable by ORS 166.025 [Disorderly Conduct].

"(5) Any misdemeanor defined and made punishable by any provision of ORS 164.345 and 783.600 [Criminal Mischief III and Discharge of Ballast in Navigable Waters]."

Defendant argues that the specific examples of ORS 51.040 control the general grant in ORS 51.050, and, therefore, justice courts do not have jurisdiction over all misdemeanors. We reject that contention. Although ORS 51.050 may render ORS 51.040 redundant, ORS 51.050 grants jurisdiction over *all* misdemeanors "in addition to the criminal jurisdiction" that justice courts already have.

1107 (1979). ORS 46.040 limits the district court's inquiry and decision over misdemeanors to those for which the "punishment prescribed" does not exceed $3,000.[3]

The state's third argument is that the legislature impliedly amended ORS 46.040. The state admits that there is nothing in the language of ORS 161.635 that "suggests that the legislature had any intention of altering the jurisdiction of district courts." It argues, however, that "[a]ssuming, *arguendo* that the $5,000 fine for Class A misdemeanors facially conflicts with the jurisdictional limit on district court, the legislative intent is ambiguous, and resort to legislative history is called for." *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

We do not agree that ORS 161.635 facially conflicts with ORS 46.040. If it does, the legislative history of ORS 161.635 still does not assist the state. That history shows that the legislature intended to increase the fine for Class A misdemeanors, not that it intended to alter the jurisdiction of district courts.

The trial court did not err in dismissing the accusatory instrument here. If the failure to provide district court jurisdiction over Class A misdemeanors was an oversight, the remedy is with the legislature. Furthermore, even though the amendment to ORS 161.635 results in precluding the state from prosecuting a Class A misdemeanor in district court, it does not preclude the state from bringing the prosecution at all. It may do so in circuit court, the court of general jurisdiction. Or Const, Art VII, § 9.

Affirmed.

---

[3] The state submits that this theory would presumably require the state to decide in advance whether it intended to seek a fine under $3,000. The state made no such election here, and we do not address whether such an election could give the district court jurisdiction.