Argued and submitted February 28, affirmed September 13, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# JOSEPH DUANE FLOWERS,
*Appellant.*

(93-20234; CA A83171)

902 P2d 624

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals his convictions for menacing and criminal mischief in the second degree. ORS 163.190; ORS 164.354. Finding no merit in his several assignments of error, we affirm the substance of his appeal. However, we write to respond to the parties' supplemental briefs, which address whether this case is affected by our holding in *State v. Rudder*, 133 Or App 174, 889 P2d 1367 (1995), now pending on reconsideration.

Defendant committed the offenses, which are both class A misdemeanors, in March 1993. At that time, the maximum fine for class A misdemeanors was $2,500, and district courts operated under a jurisdictional limit of $3,000. ORS 161.635; ORS 46.040. Effective August 18, 1993, ORS 161.635 was amended to increase the maximum fine for class A misdemeanors from $2,500 to $5,000.[1] 1993 Or Laws, ch 680, § 30. In January 1994, defendant was tried and convicted in district court.

Defendant contends that ORS 161.635 (1993) should be applied to any criminal cases that were *pending* before district courts on the date the 1993 amendment took effect, regardless of when the alleged offenses were committed, and that the rule announced in *Rudder* should apply to all such cases. If defendant is correct, his convictions must be reversed on the ground that the district court lacked jurisdiction to enter a judgment of conviction on his class A misdemeanor offenses. *See* n 1, above. However, defendant is not correct.

■ First, we need not decide whether retroactive application of ORS 161.635 (1993) would violate the constitutional prohibitions against *ex post facto* laws, as the state contends, because there is no legal basis for applying that statute retroactively. The 1993 amendment to ORS 161.635

---

[1] *Rudder* held that, because the $5,000 maximum fine exceeded the $3,000 jurisdictional limit on district courts — a limit established by the version of ORS 46.040 that was then in effect — district courts were prevented from exercising jurisdiction over class A misdemeanors. ORS 46.040 has since been amended to remove the jurisdictional cap. Or Laws 1995, ch 16, § 1.

increased the amount of the possible fine for a class A misdemeanor. It did not state that that increase was to be retroactively applied. We will not insert a retroactivity clause where none exists. *See* ORS 174.010 (in construing statutes, courts are not to insert what has been omitted or omit what has been inserted).

■■     Although defendant came to trial after the effective date of the amendment to ORS 161.635, a criminal defendant is, as a general rule, tried and punished under the laws that are in effect at the time the offense is committed. *See, e.g., State v. Isom*, 313 Or 391, 394-96, 837 P2d 491 (1992); *State v. Gouveia*, 116 Or App 86, 840 P2d 753 (1992); *see also* ORS 161.035(3) (criminal laws are construed and crimes are punished according to the law existing at the time of the commission of the offense). The various exceptions to that rule are not relevant to the present case. *E.g., State v. Babb*, 91 Or App 676, 756 P2d 1264, *rev den* 306 Or 660 (1988) (prosecutor may use evidentiary rule that was not in effect at the time the crime was committed). When defendant committed the class A misdemeanors with which he was charged in this case, district courts had jurisdiction over such offenses and $2,500 was the maximum allowable fine that could be imposed. Even after the 1993 amendment to ORS 161.635, district courts still had jurisdiction over misdemeanors for which potential fines did not exceed $3,000. Defendant's offenses come within that limit because they were committed in March 1993, when the maximum allowable fine for a class A misdemeanor was $2,500. The district court had jurisdiction over the offenses even though they came to trial after the effective date of the 1993 amendment to ORS 161.635. This case is not affected by *Rudder*.

■     Finally, there is no question that the penalty actually imposed on defendant was within the jurisdictional limit of the district court. Upon conviction, defendant was placed on probation and imposition of sentence was suspended. If the terms of probation are violated and a sentence is imposed in the future, that sentence will be subject to the $2,500 maximum fine limitation. There being neither error nor jurisdictional defect in this case, we affirm.

Affirmed.