Submitted on record and briefs August 7, reversed and remanded for new trial
October 25, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# ALEXANDER C. PENLEY,
*Appellant.*

## (DA1003144; CA A85420)

904 P2d 199

Sally L. Avera, Public Defender, and Eric M. Cumfer, Deputy Public Defender, filed the briefs for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert B. Rocklin, Assistant Attorney General, filed the brief for respondent.

Before Richardson, Chief Judge, and Riggs and Landau, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals his conviction in the district court for resisting arrest, ORS 162.315, a class A misdemeanor. In his opening brief, he contended that the trial court erred by excluding some evidence that he had offered. He filed a supplemental brief in which he argues that the court did not have jurisdiction over class A misdemeanors and asks for dismissal. *State v. Rudder*, 133 Or App 174, 889 P2d 1367 (1995).

The state concedes that the court erred by excluding the evidence and that defendant is entitled to a new trial. *State v. Hubbard*, 297 Or 789, 688 P2d 1311 (1984). It contends that we need not address the jurisdictional issue because, even if the trial court did not have jurisdiction, all defendant would be entitled to would be a new trial. Because he is entitled to a new trial on the evidentiary error, the state argues that the question of jurisdiction is essentially moot.

■ Even if the state is correct that a defendant can be retried if it is determined that the court lacked jurisdiction in the first trial, we address the jurisdictional issue that is raised. If the court did not have jurisdiction, the proceeding is a nullity for that reason and the charge should have been dismissed. If properly dismissed, it cannot be revived simply by a remand. If the state wishes to retry a case dismissed for lack of jurisdiction, it must properly initiate the prosecution in a court with jurisdiction. We express no opinion as to whether a case may be lawfully retried under those circumstances.

■ We hold, however, that the district court had jurisdiction over the charge for which defendant was convicted. The complaint alleged that defendant committed the crime on July 17, 1993, which was before the amendment of ORS 161.635 became effective. We held in *State v. Flowers*, 136 Or App 555, 902 P2d 624 (1995), that the court had jurisdiction of class A misdemeanors committed before the amendment became effective.

Reversed and remanded for new trial.