Argued and submitted September 25, 1995, affirmed January 17, petition for review denied April 9, 1996 (323 Or 136)

STATE OF OREGON,
*Respondent,*

*v.*

NANETTE PISKOROWSKI,
*Appellant.*

(DA1013251; CA A83287)

909 P2d 897

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals her convictions for harassment and resisting arrest. We write only to address her assignment of error that the trial court lacked authority to enter judgment on the resisting arrest charge, a Class A misdemeanor, and affirm.

On November 1, 1993, the state filed a complaint in district court charging defendant with harassment, ORS 166.065(1), resisting arrest, ORS 162.315, and assaulting a police officer, ORS 163.208.

On January 31, 1994, the state issued an information carrying the caption of "Circuit Court." It charged defendant with the same offenses that had been charged in the district court complaint and bore the same case number as the district court complaint. The bottom of the information bears the handwritten notation "arraigned," with the initials "FB" and a date of February 4, 1994.

The case was tried on February 7 and 8, 1994, resulting in guilty verdicts on the harassment and resisting arrest charges; the jury was unable to agree on the charge of assaulting a police officer. At the time, the trial judge (Bearden) was a district court judge with authority to act as a pro tem circuit court judge. Supreme Court Order No. 92-122 (December 31, 1992).[1] The form on which the jury recorded its verdict identified the verdict as being a circuit court case. The caption of the judgment identified it as being in the "district/circuit" court. Bearden signed the judgment on February 8 and the clerk entered it in the circuit court

---

[1] Supreme Court Order No. 92-122 is entitled "Order Appointing All District Court Judges as Pro Tem District and Circuit Judges," and states:

"Pursuant to ORS 1.615:

"1. The Supreme Court has determined that the appointment of all district judges as pro tem circuit judges and district judges to serve in any and all circuit and district courts in this state is reasonably necessary and will promote the more efficient administration of justice.

"2. Effective January 1, 1993, and thereafter until further notice, all district judges, now serving or hereinafter appointed or elected, are appointed as pro tem district judges in any district court of the State of Oregon, in addition to the district court within which they sit. Effective January 1, 1993, and thereafter until further notice, all district judges, now serving or hereinafter appointed or elected, are appointed as pro tem circuit judges in any circuit court of the State of Oregon."

register on February 9. The judgment does not state whether Bearden acted as a district or circuit court judge.

On February 9, 1994, the same day that the clerk entered the judgment in the circuit court records, the clerk also filed the information in the circuit court criminal register and the district court dismissed the district court complaint.

Other documents prepared by the court, such as the "Trial Log Sheet and Reporter's Certificate" carry the caption of the district court.

Defendant argues that the trial court lacked authority to enter judgment on two grounds. First, she argues that her case was heard in district court, which does not have jurisdiction over Class A misdemeanors. *See State v. Rudder*, 133 Or App 174, 889 P2d 1367, *modified sub nom State v. Rudder/Webb*, 137 Or App 43, 903 P2d 393 (1995) (1993 amendment to ORS 161.635 deprived district courts of jurisdiction over all Class A misdemeanors). If her case was heard in circuit court, she argues that Bearden did not have authority to act as a pro tem circuit court judge.

■ Although she did not object to the court's lack of jurisdiction at trial, defendant may raise the issue of lack of subject matter jurisdiction for the first time on appeal. *Rudder/Webb*, 137 Or App at 48.

■ Defendant first argues that her case was "effectively" heard in district court, and, therefore, that her conviction must be vacated in accordance with *Rudder*. She asserts that the status of the presiding officer determines the nature of the court. Because the record, in particular the judgment of conviction, does not reflect whether Bearden presided in his capacity as a district court judge or as a pro tem circuit court judge, she asserts that we must assume that Bearden acted as a district court judge. The state responds that the record is insufficient to provide for a meaningful review of the *Rudder* issue and therefore asks us to remand for findings of fact. We conclude that the record is sufficient.

■ We look at the entire record to determine which court heard the case. In the first instance, the accusatory instrument is the pleading from which the court determines whether it has the jurisdictional authority to act. *Rudder/*

*Webb*, 137 Or App at 47. There are two accusatory instruments at issue here: a complaint in district court and an information in circuit court. We conclude that the trial court acted on the circuit court information.

■      Both a complaint and an information serve to commence a criminal action and provide the basis for the prosecution. ORS 131.005(3), (9), (10).[2] A criminal action is commenced on filing the accusatory instrument with the magistrate. ORS 131.005(3), (9), (10) *and* 133.030(4).[3] The circuit court information carries a handwritten notation that defendant was arraigned on it on February 4, 1994. Because a defendant must be arraigned before the court in which the accusatory instrument is found, ORS 135.010,[4] this is an official act of the trial court that indicates that defendant was arraigned on the circuit court information. Accordingly, we

---

[2] ORS 131.005(3) provides:

" 'Complaint' means a written accusation, verified by the oath of a person and bearing an indorsement of acceptance by the district attorney having jurisdiction thereof, *filed with a magistrate*, and charging another person with the commission of an offense, other than an offense punishable as a felony. *A complaint serves both to commence an action and as a basis for prosecution thereof.*" (Emphasis supplied.)

ORS 131.005(9) provides, in part:

" 'District attorney's information' means a written accusation by a district attorney and:

"(a) If *filed with a magistrate* to charge a person with the commission of an offense, other than an offense punishable as a felony, *serves both to commence an action and as a basis for prosecution* thereof; or

"* * * * *

"(c) If, as is otherwise authorized by law, filed in circuit court to charge a person with the commission of an offense, serves as a basis for prosecution thereof." (Emphasis supplied.)

ORS 131.005(10) provides:

" 'Information' means a district attorney's information or a complainant's information."

[3] ORS 133.030 provides, in part:

"The following persons are magistrates:

"* * * * *

"(3) Judges of the circuit court;

"(4) Judges of the district court[.]"

[4] ORS 135.010 provides, in part:

"When the accusatory instrument has been filed * * * the defendant shall be arraigned thereon * * * before the court in which it is found."

conclude that the information was "filed" within the meaning of ORS 131.005 before trial. As a result, it is not significant that the information was not entered in the case register until after trial. We also note that the jury verdict form identifies the case as being in circuit court. Therefore, based on the caption on the information, the handwritten notation on the information, the specially styled verdict form, and the fact that the judgment was filed in circuit court, we conclude that defendant's case was heard in circuit court.[5] The circuit court had jurisdiction over defendant's Class A misdemeanor.

■ We next reject defendant's argument that the authority for Bearden to sit as a circuit court judge pro tempore was invalid under the Oregon Constitution and statutes. She failed to raise that objection below. *State v. Whitney*, 7 Or 386 (1879); *see also* Anno., 144 ALR 1207, 1219-20 (objections to the authority of a pro tem judge cannot be made for the first time on appeal where there is original constitutional or statutory authority for appointment of the judge and the record does not affirmatively show that the person in question could not, in any event, legally perform the functions of such a judgeship). A challenge to the authority of a judge to act in a particular matter does not go to the subject matter jurisdiction of the court. Accordingly, that challenge may not be made for the first time on appeal.

Affirmed.

---

[5] We give no significance to the fact that two accusatory instruments were on file at the time of trial because the record shows that the trial court acted only pursuant to the circuit court information.