Submitted on record and briefs July 3, reversed and remanded with instructions
October 9, 1996, petition for review allowed by opinion March 27, 1997
See 325 Or 183, 933 P2d 345 (1997)

# KEVIN JAMES CALAHAN,
*Appellant,*

*v.*

# STATE OF OREGON,
*Respondent.*

## (95-0470; CA A89890)

925 P2d 133

Garrett A. Richardson and Multnomah Defenders filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

■ Petitioner appeals the denial of his petition for post-conviction relief. We review for errors of law and to determine whether there is evidence to support the facts found by the trial court, *Temple v. Zenon*, 124 Or App 388, 393, 862 P2d 585 (1993), and reverse.

Petitioner pled guilty on August 11, 1994, to menacing, a Class A misdemeanor. The offense was committed on December 9, 1993. In his petition for post-conviction relief, petitioner alleged that the district court was without jurisdiction to enter judgment against him. *See State v. Rudder*, 133 Or App 174, 889 P2d 1367 (1995) (1993 amendment to ORS 161.635 deprived district courts of jurisdiction over Class A misdemeanors committed after August 18, 1993).[1] The post-conviction court entered judgment denying post-conviction relief, agreeing with the state that the 1995 amendments to ORS 46.040 "retroactively" validated district court jurisdiction. On appeal, petitioner argues that the post-conviction court erred, because we rejected the retroactive argument in *State v. Rudder/Webb*, 137 Or App 43, 903 P2d 393 (1995), *rev allowed* 322 Or 489 (1996).

■ The state responds that we should not reach the merits of petitioner's argument. It relies on *Palmer v. State of Oregon*, 318 Or 352, 358, 867 P2d 1368 (1994):[2]

"When a criminal defendant fails to raise an issue at trial that the defendant reasonably could have been expected to raise, the defendant cannot obtain post-conviction relief on

---

[1] Post-conviction relief is available if the petition establishes the "[l]ack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction." ORS 138.530(1)(b).

[2] The state did not raise *Palmer* to the trial court. However, we agree with the state that, because the Oregon Rules of Civil Procedure apply in post-conviction proceedings, *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992), and, under ORCP 21 A(8) and 21 G(3), the failure to state facts constituting a claim is a defense that may be raised for the first time on appeal, *Beckett v. Computer Career Institute, Inc.*, 120 Or App 143, 145, 852 P2d 840 (1993), the state may make its contention here that petitioner failed to allege facts that establish a basis for obtaining post-conviction relief. *Cf. Hendgen v. Forest Grove Community Hospital*, 98 Or App 675, 678, 780 P2d 779 (1989) ("We have been particularly reluctant to base a decision against an appealing plaintiff on insufficiency of the pleadings, if that was not the basis of the trial court's ruling and, had the question been presented to it, the trial court would have had the discretion to allow the plaintiff to replead.").

that ground unless the defendant alleges and proves that the failure to raise the issue was due to one (or more) of a few narrowly drawn exceptions. Under the facts of this case, the only exception available would be (so far as we are informed by this record) that the failure to object constituted inadequate assistance of counsel."

The state contends that petitioner made no claim as to inadequate assistance of counsel and that he "could have raised the jurisdictional issue either at the trial court level in the criminal case or on direct appeal, but he did not."

The state argues that, by failing to appeal, petitioner waived his right to post-conviction relief on the jurisdictional issue. *Hunter v. Maass*, 106 Or App 438, 441, 808 P2d 723, *rev den* 312 Or 80 (1991). It argues, citing ORS 135.640, that petitioner "could have raised the jurisdictional issue for the first time on appeal." However, that statute authorizes a challenge to the jurisdiction of the court to be made at *trial* "under the plea of not guilty and in arrest of judgment." Here, petitioner pled guilty, and a challenge to jurisdiction under ORS 135.640 was not available. Furthermore, a direct appeal from a guilty plea is limited to challenges that the disposition exceeds the maximum allowed by law or is unconstitutionally cruel and unusual. ORS 138.050. Petitioner could not have raised the jurisdictional issue on direct appeal under ORS 138.050, *State v. Belzons*, 140 Or App 198, 915 P2d 428 (1996), and his failure to do so does not preclude raising the issue on post-conviction.

■ The Supreme Court's decision in *Palmer* applied ORS 138.550(1)[3] as the court had previously interpreted it in *North v. Cupp*, 254 Or 451, 461 P2d 271 (1969). The "narrow exceptions" that excuse a failure to raise an issue at trial or on appeal are derived from *North* and are not restricted to a claim of inadequate assistance of counsel. The exceptions include other

---

[3] ORS 138.550(1) provides:

"The failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of the conviction of the petitioner, a motion for new trial, or a motion in arrest of judgment remains available."

" 'situations in which the law recognizes that it is inappropriate to require a contemporaneous objection at trial as a prerequisite to the subsequent raising of the constitutional issue. * * * *The most common illustration is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial;* where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right.' " *Palmer*, 318 Or at 357 (citing *North*, 254 Or at 456) (emphasis supplied).

Under the facts of this case, we conclude that petitioner's claim comes within the exception of a right not generally recognized at the time of petitioner's trial.

The district court's loss of jurisdiction over Class A misdemeanors resulted from the legislative change in ORS 161.635 to the maximum fine for a Class A misdemeanor. The legislature did not make a corresponding increase in the jurisdictional limit for district courts in ORS 46.040. *Rudder*, 133 Or App at 176. However, until the 1993 amendment, Class A misdemeanors had been within district court jurisdiction since before codification of the statutes in ORS, and, as evidenced by the arguments of the parties set out in *Rudder* and *Rudder/Webb*, the effect of the 1993 amendments was not self evident. We conclude that, even though the effective date of the 1993 amendments was August 18, 1993, the loss of jurisdiction was not generally recognized until our *Rudder* decision in February 1995. Those circumstances show a claim that may be raised on post-conviction even though it was not raised at trial, on appeal or alleged as inadequate assistance of counsel.

■ Turning to the merits, we decline to revisit the state's arguments that *Rudder/Webb* was incorrectly decided. The 1995 amendments to ORS 46.040 did not "retroactively validate" the district court's judgment of petitioner's conviction of menacing. The evidence shows that the offense was committed in December 1993 and judgment entered in August 1994. The post-conviction court erred in denying petitioner post-conviction relief.

Reversed and remanded with instructions to enter post-conviction relief.