Argued and submitted April 17, reversed and remanded with instructions
December 24, 1996

STATE OF OREGON,
*Respondent,*

*v.*

HENRY ALLBRITTON,
*Appellant.*

(CR4-2912M; CA A89018)

931 P2d 797

Greg O'Neill argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

Riggs, P. J., dissenting.

## LANDAU, J.

Defendant was charged with a misdemeanor in district court. A trial began in district court, but the court terminated it midway through the proceedings when it discovered an order of the presiding judge requiring misdemeanors to be tried in circuit court. Defendant then was tried and convicted in circuit court. He now appeals, contending that, among other things, requiring him to stand trial a second time for the same misdemeanor violated the double jeopardy prohibitions in the state and federal constitutions. We agree and reverse.

On November 16, 1994, defendant was charged by Oregon Uniform Traffic Citation and Complaint with the Class A misdemeanor of driving under the influence of intoxicants. ORS 813.010. The summons commanded defendant to appear in district court. He did so and was arraigned in district court.

On February 22, 1995, we issued our opinion in *State v. Rudder*, 133 Or App 174, 889 P2d 1367, *on recon sub nom State v. Rudder / Webb*, 137 Or App 43, 903 P2d 393 (1995), *rev'd* 324 Or 380, 927 P2d 79 (1996), in which we held that district courts lack jurisdiction over some Class A misdemeanors.[1] The following day, the presiding judge of the Deschutes County Circuit Court issued an order requiring all Class A misdemeanors currently pending in district court to be tried in circuit court:

> "IT IS HEREBY ORDERED that all District Court cases currently pending in which there are one or more Class A misdemeanors charged, are transferred to the Circuit Court of the State of Oregon for Deschutes County;
>
> "IT IS FURTHER ORDERED that all such case captions be amended by interlineation to reflect transfer to Circuit Court;
>
> "IT IS FURTHER ORDERED that all such cases be tried by a Circuit Judge or a Circuit Judge pro tem; and

---

[1] In *State v. Prickett*, 136 Or App 559, 902 P2d 621 (1995), *rev allowed* 322 Or 489 (1996), we held that the district courts continue to have jurisdiction over Class A misdemeanor *traffic* cases, including charges for driving under the influence of intoxicants.

"IT IS FURTHER ORDERED that all defendants who have previously appeared be rearraigned in Circuit Court prior to trial or other disposition except dismissal."

The case caption in this case was not amended, and defendant was not rearraigned in circuit court.

The case proceeded in district court. At a pretrial conference on April 11, 1995, the district court judge told the state that it would need to file a new complaint and rearraign defendant in circuit court:

"[I]f you intend to proceed in Circuit Court * * * file the documents to put the case in Circuit Court. We'll take up arraignment at the time of trial."

In the meantime, the court said, defendant would be held subject to the jurisdiction of the district court. The state did not serve defendant with a new complaint, nor was defendant rearraigned in circuit court.[2] Instead, trial began in district court, before District Court Judge Perkins. The court minutes reflect the fact that the trial took place in district court. So also do the transcript of proceedings and defendant's jury waiver form.

On May 24, 1995, the state completed its case-in-chief. Defendant moved to dismiss. At that point, the court reviewed the file and discovered the order of the presiding judge requiring all Class A misdemeanor cases to be tried in circuit court. The trial court assumed that the effect of the order was automatically to remove the matter from the jurisdiction of the district court and to convert the matter to a circuit court case. Concluding that the trial actually had begun in circuit court, the trial court dismissed the case for want of a circuit court arraignment. Defendant later was given a copy of an amended information, rearraigned and tried in circuit court. Defendant objected that trial in circuit court violated constitutional guarantees against double jeopardy. The trial court rejected defendant's objection on the ground that the termination of the district court proceeding did not relate to

---

[2] The state apparently did file an "amended" information in circuit court on April 12, 1995, but it did not serve either defendant or his attorney with a copy of that filing, nor did the state bring the amendment to the attention of the court before trial.

the merits of the charge and therefore did not bar a subsequent prosecution.

On appeal, defendant contends that the circuit court prosecution constituted double jeopardy and former jeopardy under the state and federal constitutions and under ORS 131.515, ORS 131.525 and ORS 131.535. The state argues that the first trial did not bar subsequent prosecution, because ORS 131.525(1)(b)(B) provides that a previous prosecution that has been dismissed because of a "legal defect" does not bar subsequent prosecution for the same offense. According to the state, the transfer order of the presiding judge deprived the district court of jurisdiction to conduct the first trial; therefore, any verdict against defendant would have been a nullity. That, the state contends, is a "legal defect" within the meaning of ORS 131.525(1)(b)(B) justifying dismissal and reprosecution.

In a bench trial, jeopardy ordinarily attaches when the first witness is sworn. ORS 131.505(5)(c). There are statutory exceptions, one of which is that the trial court may properly terminate a trial without barring subsequent prosecution, even after the swearing of the first witness, when "[t]here is a legal defect in the proceeding that would make any judgment entered upon a verdict reversible as a matter of law." ORS 131.525(1)(b)(B). In this case, however, there was no such "legal defect."

■  The record shows that a citation was filed in district court and that defendant was arraigned in district court. Those events conferred jurisdiction on the district court. Before defendant's first trial began, the district court citation had not been withdrawn, and defendant had not been rearraigned. Accordingly, the trial proceeded in district court, as the state concedes and as all the relevant documentation in the case file confirms. *See State v. Piskorowski,* 138 Or App 497, 500, 909 P2d 897, *rev den* 323 Or 136 (1996) ("we look at the entire record to determine which court heard the case"). At the point that the first witness was sworn, a trial had begun in a court that had subject matter jurisdiction to proceed on the matter. Jeopardy therefore attached, and, upon dismissal of that proceeding, defendant could not be tried again on the same offense.

The state's argument to the contrary is based on the assumption that the transfer order of the presiding judge had the effect of depriving the district court of subject matter jurisdiction over the case. Subject matter jurisdiction, however, is conferred by statute and may not be eliminated by a mere internal administrative order of the court. Moreover, the transfer order itself refutes such an understanding of its effect. The order plainly states that, before the circuit courts may take action on cases already filed in district court, captions on the pleadings must be changed and defendants must be "rearraigned in Circuit Court prior to trial or other disposition except dismissal." That did not happen in this case. There was, therefore, no "legal defect" within the meaning of ORS 131.525(1)(b)(B), and the trial court erred in denying defendant's motion to dismiss on double jeopardy grounds.

The dissent argues that the effect of the transfer order was not to deprive the district court of jurisdiction, as urged by the state, but instead was merely to convert the district court proceeding into a circuit court proceeding. We find no authority for conferring such extraordinary effect on an administrative order of a circuit court. Our research, in fact, reveals no statute, rule or case that ascribes any particular legal consequence to such an internal, housekeeping order. The transfer order in this case itself expressly provides that, before a circuit court ventures any disposition other than outright dismissal, the circuit court must rearraign the defendant.

The dissent's argument, moreover, leads to an absurd result. The dissent concedes that defendant had not been rearraigned and the caption of the matter had not been amended, steps necessary to invoke the jurisdiction of the circuit court. The dissent also does not contest the fact that the subject matter jurisdiction of the district court properly had been invoked, that all of the court records from the first trial reflect the fact that the first trial took place in district court and that, in that trial, the court asserted its authority to act on the matter as a district court and not as a circuit court. Thus, under the dissent's analysis, the transfer order magically transported defendant's case to a sort of "twilight zone" in which neither a court with subject matter jurisdiction nor a court without it could proceed on the matter. We conclude

that such a result is unnecessary and the analysis that leads to it is incorrect.

Because we vacate defendant's conviction, we do not reach defendant's other assignments of error.

Reversed and remanded with instructions to vacate conviction.

**RIGGS, P. J.,** dissenting.

The majority has misunderstood the effect of the presiding circuit court judge's order transferring all district court Class A misdemeanor cases to circuit court. That has caused it to reach the erroneous conclusion that defendant has twice been placed in jeopardy. The majority's error is brought about, first, by its mistaken belief that because it rejects the state's argument that the transfer order deprived the district court of jurisdiction, the first trial necessarily must be regarded as a district court trial. Because subject matter jurisdiction is conferred by statute and may not be eliminated by an administrative order, I also reject the state's argument that the district court was without jurisdiction over the case; however, that conclusion does not lead to the majority's holding that defendant's first trial must be regarded as having taken place in district court. In explaining its view, the majority states:

> "The order plainly states that, before the circuit courts may take action on cases already filed in district court, captions on the pleadings must be changed and defendants must be 'rearraigned in Circuit Court prior to trial or other disposition except dismissal.'" 145 Or App at 378.

It then concludes that, because those events did not occur, the case was tried in district court. In my view, although the presiding judge's transfer order did not deprive the district court of jurisdiction, it did do what it purported to do: transfer the matter to circuit court. The order, the validity of which has not been challenged, provides:

> "IT IS HEREBY ORDERED that all District Court cases currently pending in which there are one or more Class A misdemeanors charged, *are transferred to the Circuit Court* of the State of Oregon for Deschutes County;

"IT IS FURTHER ORDERED THAT all such case captions be amended by interlineation *to reflect* transfer to Circuit Court;

"IT IS FURTHER ORDERED that all such cases *be tried by a Circuit Judge or Circuit Judge pro tem*;

"IT IS FURTHER ORDERED that all defendants who have previously appeared *be rearraigned in Circuit Court prior* to trial or other disposition except dismissal." (Emphasis supplied.)

As the emphasized portion of the first paragraph of the order indicates, the order itself effects the transfer of cases to circuit court. The third paragraph orders that all such cases be tried by a circuit judge or circuit judge *pro tem*. The requirements in the remaining paragraphs, relating to amendment of the caption and rearraignment, are procedural components of trial in circuit court, but they are not prerequisites to the *transfer* of a case or to the circuit court's jurisdiction. Contrary to the majority's view, those procedural components have no more to do with the circuit court's *jurisdiction* of the matter than did the order with respect to the jurisdiction of the district court. Additionally, it is important to keep in mind that we are not called upon to address the validity of the transfer order. I would hold that the order *itself* effected a transfer of defendant's case to circuit court without jurisdictional contingencies, and that, although defendant had not been rearraigned and the caption to the matter had not been amended, the first trial was a circuit court trial.[1] The trial court correctly concluded that, because there had been no circuit court arraignment, the proceeding was legally defective; it correctly dismissed the case.

I respectfully dissent.

---

[1] The differences between district and circuit court have become increasingly indistinct. By Supreme Court order, all district court judges are pro tem circuit court judges. The fact that the first trial in this case took place before a judge who was originally appointed as a district court judge is accordingly of no consequence.