Argued May 6, reversed July 16, 1958

# STATE OF OREGON *v.* STEAGALL
### 328 P. 2d 142

Robert B. Abrams, Heppner, argued the cause and filed a brief for appellant.

Roy Kilpatrick, Canyon City, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and ROSSMAN, LUSK and McALLISTER, Justices.

ROSSMAN, J.

This is an appeal by the state from a judgment-order of the circuit court which dismissed this action and discharged the defendant. The action was based upon an indictment which was returned under ORS 163.250 and which charged the defendant with assault being armed with a dangerous weapon. That section of our laws says:

> "Any person, who is armed with a dangerous weapon and assaults another with such weapon, shall be punished upon conviction by imprisonment in the penitentiary for not more than 10 years, or by imprisonment in the county jail not less than one month nor more than one year, or by a fine of not less than $100 nor more than $1,000."

The part of the indictment which is material to the issues before us alleged that the defendant

"then and there being and being then and there armed with a dangerous weapon, to-wit: a pistol, a further description of said dangerous weapon not being known to the Grand Jury, did then and there unlawfully and feloniously assault one Mervin Leonard, Eldon Padberg, Adolph Majeske and Dean Hunt, by then and there threatening to fire said pistol at Mervin Leonard, Eldon Padberg, Adolph Majeske and Dean Hunt, contrary to the statutes in such cases made and provided, and against * * *."

The defendant challenged the indictment by a demurrer which offered the following grounds:

"1. That said indictment fails to state a crime because the statute on which it is based, 163.250 ORS, is unconstitutional in that said statute gives the District Attorney a choice of charging the defendant with either a felony or a misdemeanor in his, the District Attorney, sole discretion and thus invades the province of the legislature and the judiciary.

"2. That said indictment fails to state a crime under the statute 163.250 ORS because it is nowhere alleged that the pistol was loaded or that the defendant was so situated in respect to the persons allegedly assaulted that they were within range of said pistol if it had been loaded and further in this connection there is no allegation that said pistol was of the type and character and in such condition as to make it a dangerous weapon.

"3. That there is now pending in the Justice Court of the State of Oregon for the County of Morrow, 6th District, a complaint covering the same transaction which was filed on the 11th day of February, 1957, which has not been disposed of and that therefore, said court has jurisdiction of this action and this court lacks jurisdiction thereof."

The circuit court sustained the demurrer, and from the resulting judgment the state appealed.

In support of the first ground of his demurrer, the defendant argues that ORS 163.250 assigns to the unbridled discretion of a magistrate, grand jury or possibly a district attorney the question of whether one accused of the crime mentioned in that section of our laws should be proceeded against for a felony or for a misdemeanor. Having submitted that contention, the defendant argues that the statute is invalid for the reasons which caused this court, in *State v. Pirkey*, 203 Or 697, 281 P2d 698, to hold that Oregon Laws 1949, ch 129, violated constitutional provisions which assure all equal protection. The statute just cited, which rendered it a crime to issue checks when the issuer knew that his bank account was insufficient, contained a provision that the accused "may be proceeded against either as for a misdemeanor or as for a felony, in the discretion of the grand jury or the magistrate to whom complaint is made, * * *." That provision, which was twice repeated, was the crux of the statute when the latter came under attack. No similar provision is in the measure now before us. The clause of the 1949 statute just quoted enabled the magistrate or grand jury, without hearing the accused, to make the important election as to whether he should be prosecuted for a felony or a misdemeanor. Moreover, as Mr. Justice BRAND mentioned in the Pirkey decision, "the statute itself furnishes no criterion by which to determine when an accused is to be charged with felony, and when with a misdemeanor." That singular feature of the 1949 act caused the Pirkey decision to declare that the act "in effect, defines two crimes as a matter of substantive law; one a felony, and the other a misdemeanor." Under that provision,

it might develop that two individuals who had committed twin acts would face situations in which a grand jury or a magistrate could determine finally, and in advance of the trial, whether the one should receive a fine or a jail sentence and the other a term in the penitentiary. The decision pointed out that the election would be made "before trial, without having heard any evidence for the defendant, either on the issue of guilt or of mitigation."

We have stated that ORS 163.250 contains no provision akin to that which met with condemnation in the Pirkey case.

■ ORS 51.040 says:

"A justice's court has jurisdiction of the following crimes committed or triable in their respective counties:

(1)  *  *  *

(2) Assault, and assault and battery, not charged to have been committed with intent to commit a felony, or in the course of a riot, or with a dangerous weapon, or upon a public officer in the discharge of his duties."

It is clear from that provision that a justice's court and its successor, the district court, has no jurisdiction of the crime stated in the indictment under attack, unless some section of our laws not so far mentioned confers the jurisdiction. The defendant cites ORS 46.040, which reads:

"Except as is otherwise provided in ORS 3.150, district courts shall have the same criminal and quasi criminal jurisdiction as justices' courts, and shall have concurrent jurisdiction with the circuit courts of all misdemeanors committed or triable in their respective counties where the punishmet prescribed does not exceed one year's imprisonment

in the county jail or a fine of $3,000, or both such fine and imprisonment."

Since the penalty authorized by ORS 163.250 exceeds the limit mentioned in 46.040, it is clear that the latter does not confer jurisdiction upon the district court over the crime of assault being armed with a dangerous weapon.

ORS 161.030 says:

"(1) Crimes are divided into felonies and misdemeanors.

(2) A felony is a crime which is punishable with death or by imprisonment in the penitentiary of this state. When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes, after a judgment imposing a punishment other than imprisonment in the penitentiary or in the Oregon State Correctional Institution.

(3) Every crime not included in subsection (2) of this section is a misdemeanor."

The section of our laws just quoted renders it clear that no determination is made as to whether or not an accused's misdeed, which assumes the form of an assault while armed with a dangerous weapon, is a misdemeanor or a felony until after his guilt has been determined by plea of guilty or trial and he has been sentenced. It is the extent of the defendant's guilt, and that alone, which casts the die. Only the circuit court has jurisdiction over his case, and until a determination is made after sentence is imposed as to the nature of the crime, procedure applicable to felonies is employed. It is obvious that the situation is wholly unlike the one which met with disfavor in *State v.*

*Pirkey,* supra. The fact that a penalty is imposed in the manner prescribed in ORS 163.250 does not impair the validity of the statute. *Williams v. New York,* 337 US 241, 69 SCt 1079, 93 L Ed 1337; and *People v. Queen,* 326 Ill 492, 158 NE 148. The above satisfies us that the statue is valid.

■ The second ground of demurrer is based, as we have seen, upon a contention that since the indictment does not state that the "dangerous weapon, to-wit: a pistol," which it mentions, was loaded, it fails to state a crime. *State v. Noblin,* 214 Or 60, 328 P2d 139, recently decided, resolved a similar issue in favor of the indictment. We adhere to that point of view.

We conclude that the circuit court erred when it sustained the demurrer and dismissed the action.

Reversed.