Argued and submitted June 27, 1990, conviction affirmed; remanded for resentencing
January 23, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# FRANCIS JOSEPH FISHER,
*Appellant.*

(C87-11-36590; CA A49640)

804 P2d 517

Irene B. Taylor, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Edmonds, Presiding Judge, and Newman and Riggs, Judges.

RIGGS, J.

Edmonds, J., dissenting.

**RIGGS, J.**

Defendant was convicted for delivery of a controlled substance. ORS 475.992. He assigns error to the trial court's order of restitution. We remand for resentencing.

Defendant pleaded no contest and was placed on probation for five years. At the sentencing and restitution hearings, he presented evidence about his financial situation, employment and debts. The Presentence Investigation Report recommended, among other things, that defendant pay restitution to the owner of the house in which the drug was manufactured[1] and that he also pay a $1,000 fine.

Defendant's counsel requested that the proposed fine be reduced to $500, because defendant had no financial resources and had $20,000 in unpaid medical bills. The trial court agreed to the $500 fine and ordered that, in addition, defendant pay $7,100 in restitution, at which point this exchange occurred:

> "COUNSEL: [I] would ask the Court to consider a couple of things; one of which is that [defendant] has been ordered to pay a $500 fine. Perhaps the Court would prefer to have him start on restitution [rather] than to first pay the fine.
>
> "At this point, his probation officer doesn't feel that he is able to make substantial payments toward anything but a fine. So I don't know if the Court would consider that.
>
> "THE COURT: Well, I'll leave it to the discretion of the probation officer * * *."

Defendant argues that the trial court's restitution order is void, because it failed to make findings on the record about his ability to pay, which he argues is required by ORS 137.106(2), and that he is unable to pay the amount of restitution ordered.

The state responds, first, that, although defendant objected to the amount of restitution ordered, "he did not assert that he would never be able to pay it." Failure to make that particular argument is not fatal. *State v. Hitz,* 307 Or 183, 188, 766 P2d 373 (1988). He sufficiently raised the issue of the

---

[1] Defendant admitted that he had allowed methamphetamine to be manufactured on the premises.

amount of restitution that should be imposed and apprised the trial court of his objection.

■ ■ The state next contends that the trial court adequately considered defendant's ability to pay.[2] It claims that the court's decision to leave the resolution of defendant's financial problem in paying the restitution and the fine concurrently to the probation officer "reflects that the court considered defendant's potential difficulties in satisfying his liabilities but believed that a repayment schedule could be arranged." We disagree. Before imposing restitution, a trial court must consider a defendant's financial resources, other obligations, the burden that restitution would impose and the deterrent or rehabilitative effect of the sentence. ORS 137.106(2);[3] State v. Dillon, 292 Or 172, 180-81, 637 P2d 602 (1981). The record does not show that the court considered those factors in imposing restitution. ORS 137.106(2). The trial court's delegation of the payment schedule to the probation officer does not mean that it considered the appropriate factors. Accordingly, we remand for resentencing.[4]

Conviction affirmed; remanded for resentencing.

**EDMONDS, J.,** dissenting.

The majority holds that the trial court did not take into account the statutory factors about defendant's ability to pay restitution. I disagree, because that is not the issue raised by defendant in the trial court.

Defendant was placed on probation for five years. As

---

[2] The state also argues that the record supports the restitution order. Because we conclude that the court did not take into account the statutory factors, we need not consider whether there was sufficient evidence in the record that might have supported the order.

[3] ORS 137.106(2) provides:

"In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment."

[4] Defendant's other arguments do not warrant discussion.

a condition, he was to pay a fine of $500 and restitution of $7,100. He never asserted that he was unable to pay restitution. His counsel suggested that "[p]erhaps the court would prefer to have him start on restitution [rather] than to first pay the fine." The context of that statement is that defendant was unable to make substantial payments on both restitution and a fine at the same time, not that he would be unable to pay restitution, once the fine was paid. Defendant's failure to object specifically in the trial court as to his ability to pay is fatal to his argument that the trial court erred in that regard. *See* ORS 137.106(3); *State v. Carpenter,* 101 Or App 489, 791 P2d 145, *rev den* 310 Or 393 (1990).

Defendant also argues that there is no evidence that he caused any damage by his manufacture of methamphetamine to a house in which he was residing with permission from the tenant. He asserts that he did not participate in that activity and that there was insufficient evidence that the house was damaged. The record is to the contrary. I would affirm.