Argued and submitted September 9, decision of the Court of Appeals reversed; judgment of the district court affirmed November 29, 1996, reconsideration denied January 14, 1997

# STATE OF OREGON,
*Petitioner on Review,*

v.

# ROBERT LELAND WEBB, JR.,
*Respondent on Review.*

## (DC DCR93-13043; CA A83199; SC S42828)

927 P2d 79

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Eric M. Cumfer, Deputy Public Defender, Salem, argued the cause for respondent on review. With him on the brief were Sally L. Avera, Public Defender, and Hari Nam S. Khalsa, Deputy Public Defender.

GRABER, J.

## GRABER, J.

The issue before us is whether district courts lost jurisdiction over Class A misdemeanors in 1993 when the legislature raised the maximum fines for such misdemeanors from $2,500 to $5,000 through an amendment to ORS 161.635, but did not amend ORS 46.040, which provided in part that district courts have jurisdiction over misdemeanors "where the punishment prescribed does not exceed * * * a fine of $3,000."[1] The district court convicted defendant Webb of a Class A misdemeanor in 1994. The Court of Appeals reversed his conviction on the basis that the district court lacked subject-matter jurisdiction. *State v. Rudder/Webb*, 137 Or App 43, 52, 903 P2d 393 (1995). We allowed review and now reverse the decision of the Court of Appeals and reinstate the judgment of the district court.

On review, the relevant facts are not in dispute. A $100 gift certificate from Sears was stolen from the home of the Ericksons in September 1993. On September 20, 1993, Mrs. Erickson notified Sears of the theft and canceled the certificate. That afternoon, defendant tried to use the gift certificate to purchase items from Sears. Sears employees notified store security, which in turn contacted the Clackamas County Sheriff's Office. That sequence of events culminated in defendant Webb's arrest.

■ Following a bench trial, the trial court convicted defendant of theft in the second degree under ORS 164.045, for theft of the gift certificate, and of attempted theft in the second degree under ORS 161.405, for attempting to redeem the certificate at Sears. Theft in the second degree was at the time a Class A misdemeanor, subject to a fine of up to $5,000. ORS 164.045, 161.635.[2] Although defendant did not object at trial to the district court's jurisdiction, he raised the issue on appeal. Lack of subject-matter jurisdiction properly may be

---

[1] The full text of ORS 46.040 (1993) appears below at 384-85. We quote the relevant text of ORS 161.635 at 383 n 3.

[2] Attempted theft in the second degree was a Class B misdemeanor. ORS 161.405(2)(e).

raised for the first time on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 383, 823 P2d 956 (1991); *State v. Swikert*, 65 Or 286, 288, 132 P 709 (1913).

In 1993, the legislature amended ORS 161.635 to raise the maximum fine for a Class A misdemeanor from $2,500 to $5,000, effective August 18, 1993.[3] Or Laws 1993, ch 680, § 30. However, the legislature did not amend the $3,000 limit in ORS 46.040 (1993). The Court of Appeals addressed the resulting issue of district courts' jurisdiction over Class A misdemeanors in two recent cases: *State v. Rudder*, 133 Or App 174, 889 P2d 1367 (*Rudder I*), *modified and adhered to on recons* 137 Or App 43, 903 P2d 393 (1995); and *State v. Rudder/Webb*, 137 Or App 43, 903 P2d 393 (1995) (*Rudder II*).

In *Rudder I*, the state appealed from a pretrial order dismissing the accusatory instrument that had charged the defendant with a Class A misdemeanor, on the ground that the district court lacked jurisdiction. 133 Or App at 176. The Court of Appeals held that, under the 1993 amendment to ORS 161.635, the district court lacked jurisdiction over Class A misdemeanors. It therefore affirmed the district court's dismissal of the accusatory instrument. *Id.* at 178.

In response to *Rudder I*, the legislature in 1995 amended ORS 46.040 by eliminating the $3,000 limit on district court jurisdiction and purporting to grant jurisdiction retroactively to district courts over all misdemeanors committed on or after August 18, 1993.[4] Or Laws 1995, ch 16, §§ 1-3. Based on that statutory change, the state filed a motion for reconsideration of *Rudder I*. The Court of Appeals allowed the state's motion.

---

[3] ORS 161.635, as amended, provides in part:

"(1) A sentence to pay a fine for a misdemeanor shall be a sentence to pay an amount, fixed by the court, not exceeding:

"(a) $5,000 for a Class A misdemeanor.

"(b) $2,000 for a Class B misdemeanor.

"(c) $1,000 for a Class C misdemeanor."

[4] The bill that granted district courts retroactive jurisdiction stated:

"Any exercise of jurisdiction by a district court over a misdemeanor on or after August 18, 1993, that did not meet the limitations imposed by ORS 46.040 (1993 Edition) is validated." Or Laws 1995, ch 16, § 2.

Because both *Rudder I* and *Webb* raised the issue of the trial court's jurisdiction over Class A misdemeanors, the Court of Appeals consolidated the cases for opinion only and decided them together in *Rudder II*. On reconsideration of *Rudder I*, the Court of Appeals held that, because the district court had dismissed the accusatory instrument against the defendant before trial, there was no exercise of jurisdiction by that court that could be validated by the 1995 statutory change. *Id.* at 47. Therefore, the court did not reach the constitutionality of the retroactivity provision in that legislation. *Ibid.*

As to defendant Webb, the Court of Appeals concluded that its holding with respect to defendant Rudder in *Rudder II* required reversal of Webb's conviction on the basis that the district court lacked jurisdiction. *Id.* at 52. The court further stated that the retroactivity provision of SB 66 was unconstitutional, because it violated the separation of powers provision in Article III, section 1, of the Oregon Constitution. *Id.* at 48.

The state petitioned this court for review of the Court of Appeals' decision reversing defendant Webb's conviction. We allowed review.[5]

■      Because this case presents a question of statutory interpretation, we apply the template laid out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), to determine the legislature's intent in enacting the jurisdictional statute. The first level of analysis under the *PGE* template requires that we examine the text and the context of the statute. 317 Or at 610.

Before the 1995 amendment, the text of ORS 46.040 (1993) provided:

"District courts shall have the same criminal and quasi-criminal jurisdiction as justices' courts,[6] and shall have

---

[5] The state also sought review of the Court of Appeals' decision as to defendant Rudder. That petition for review is pending in this court.

[6] As will be seen, statutes variously have referred to "justices' courts," "justice's court," and "justice court." In the text of this opinion, we will use the term "justice court."

concurrent jurisdiction with the circuit courts of all misdemeanors committed or triable in their respective counties *where the punishment prescribed does not exceed one year's imprisonment in the county jail or a fine of $3,000, or both such fine and imprisonment.* District courts shall have concurrent jurisdiction with municipal courts of all violations of the charter and ordinances of any city wholly or in part within their respective counties, committed or triable within their respective counties." (Emphasis added.)

We note three important preliminary points:

(1) The above-quoted version of ORS 46.040 (1993) was in effect at the time of defendant's crimes and trial. Defendant committed the crimes on September 20, 1993, and his trial occurred on February 1, 1994.

(2) The first sentence of ORS 46.040 (1993) is the only provision that is relevant here, because defendant was charged with violating a state statute, not a municipal ordinance. Therefore, we do not address the meaning of the latter sentence of the statute.

(3) A justice court would have had jurisdiction over the crimes charged. ORS 51.050(1) provides that, "in addition to the criminal jurisdiction of justices' courts already conferred upon and exercised by them, *justices' courts have jurisdiction of all misdemeanors* committed or triable in their respective counties." (Emphasis added.) Although ORS 51.040 lists specific crimes over which justice courts have jurisdiction, ORS 51.050(1) is a broader grant of jurisdiction and gives justice courts jurisdiction over *all* misdemeanors, "in addition to" the criminal jurisdiction conferred elsewhere.

ORS 46.040 (1993) contains *two* grants of jurisdiction. District courts have (1) the same criminal and quasi-criminal jurisdiction as justice courts and (2) concurrent jurisdiction with circuit courts over misdemeanor cases. The disputed issue is whether the clause "where the punishment prescribed does not exceed * * * a fine of $3,000" limits *both* grants of jurisdiction or only the latter. Thus, in our textual analysis of the statute, we must determine whether that key clause modifies both antecedent clauses or only the antecedent clause that immediately precedes it.

Defendant argues, and the Court of Appeals agreed, *Rudder I*, 133 Or App at 176-77, that the quoted limitation modifies both antecedent clauses and that, therefore, district courts do not have jurisdiction in *any* misdemeanor case in which the maximum punishment prescribed exceeds a $3,000 fine, even though a justice court would have such jurisdiction. By contrast, the state argues that the clause modifies only the immediately preceding antecedent clause. Under that reading, only the second grant of jurisdiction (concurrent jurisdiction) is subject to the $3,000 limit.

■        "In trying to ascertain the meaning of a statutory provision, and thereby to inform the court's inquiry into legislative intent, the court considers rules of construction of the statutory text that bear directly on how to read the text." *PGE*, 317 Or at 611. The "doctrine of the last antecedent" is a long-recognized grammatical principle used in interpreting the text of statutes. One expert on statutory construction describes the doctrine this way:

> "Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is 'the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. The rule is another aid to discovery of intent or meaning * * *.

> "Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma." Norman J. Singer, 2A *Sutherland Statutory Construction* § 47.33, at 270 (5th ed 1992) (footnotes omitted).

This court previously has referred to the doctrine but has not applied it. *See Standard Ins. Co. v. Tax Com.*, 230 Or 461, 470-71, 370 P2d 608 (1962) (illustrating point); *Johnson v. Craddock et al*, 228 Or 308, 316-17, 365 P2d 89 (1961) (same).

Other jurisdictions have used this doctrine regularly as an aid to reading the text of a statute. For example, the Third Circuit Court of Appeals applied the doctrine of the last antecedent to interpret a statute in *National Surety Corp. v.*

*Midland Bank*, 551 F2d 21, 34 (3d Cir 1977). The statute at issue in that case gave banks the power "to issue letters of credit authorizing holders thereof to draw drafts upon it or upon its correspondents at sight or on time *not exceeding one year." Ibid.* (emphasis in original) (citing NJSA 17:9A-25(3)). One party argued that the emphasized phrase modified "letters of credit," while the other argued that it modified "time." The court agreed with the latter argument and concluded:

> "Common English usage, let alone the last antecedent rule of statutory construction, requires that the italicized language be read to modify 'time,' rather than the more remote phrase 'letters of credit.'

> "Indeed, * * * the legislature, with the simple addition of a comma after 'time,' could have opted for a time limit restricting the duration of both drafts and letters of credit." *Ibid.*

*See also Azure v. Morton*, 514 F2d 897, 900 (9th Cir 1975) (applying doctrine); *Barten v. Turkey Creek Watershed Joint Dist. No. 32*, 200 Kan 489, 438 P2d 732, 744-45 (1968) (same); *State v. Wiberg*, 107 NM App 152, 754 P2d 529, 532 (1988) (same).

Similarly, in the case before us, under the doctrine of the last antecedent, the clause "where the punishment prescribed does not exceed * * * a fine of $3,000" refers only to the last antecedent, not to both antecedents. Using that means of understanding statutory text, that limitation on the jurisdiction of district courts applies only to the grant of "concurrent jurisdiction with the circuit courts of all misdemeanors committed or triable in their respective counties." It does not apply to the grant of "the same criminal and quasi-criminal jurisdiction as justices' courts."

The doctrine of the last antecedent, including its observation about the placement of commas, is consistent with general grammatical rules, found outside the legal context, governing restrictive and nonrestrictive (also called "essential" and "nonessential") clauses. *The Chicago Manual of Style* contains a typical statement of such rules:

> "An adjectival clause or phrase that follows a noun and restricts or limits the reference of the noun in a way that is

essential to the meaning of the sentence should not be set off by commas; but an adjectival clause or phrase that is nonrestrictive or is purely descriptive, which could be dropped without changing the reference of the noun or the meaning of the sentence, is set off by commas[.]" *The Chicago Manual of Style* § 5.41, at 167-68 (14th ed 1993).

*See also* William A. Sabin, *The Gregg Reference Manual* ¶ 131, at 20 (7th ed 1992) ("An *essential* clause is necessary to the meaning of the sentence. Because it *cannot be omitted*, it should not be set off by commas. * * * A *nonessential* clause provides additional descriptive or explanatory detail. Because it *can be omitted* without changing the meaning of the sentence, it should be set off by commas." (Emphasis in original.)); William Strunk Jr., *The Elements of Style* 3-4 (3d ed 1979) ("Nonrestrictive relative clauses are parenthetic * * *. Commas are therefore needed. A nonrestrictive clause is one that does not serve to identify or define the antecedent noun.").

In ORS 46.040 (1993), the absence of a comma before the modifying clause indicates that it is a restrictive clause. The clause is essential to the meaning of the sentence, because it limits the jurisdiction granted to district courts *when their jurisdiction is concurrent with that of circuit courts.*

Additionally, and without regard to the doctrine of the last antecedent, we would be forced to alter the sentence in some way—by changing the punctuation or the wording—in order reasonably to read the statute as defendant proposes. That is, defendant reads the first sentence of ORS 46.040 (1993) to mean: District courts shall have (1) the same criminal and quasi-criminal jurisdiction as justices' courts and (2) concurrent jurisdiction with the circuit courts of all misdemeanors, where the punishment prescribed does not exceed a $3,000 fine. By contrast, no change in the punctuation or wording is required to support the state's reading of the text. We are "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010; *Emerald PUD v. Energy Facility Siting Council*, 321 Or 562, 567, 902 P2d 1134 (1995).

Applying common grammatical rules, as well as applying the doctrine of the last antecedent, which are guides to understanding statutory text, the clause referring to a $3,000 fine modifies only the last antecedent, not both antecedents. Under that reading, only the second grant of jurisdiction in ORS 46.040 (1993) is subject to that $3,000 limit.

In addition to considering the text of a statute, we also consider its context at the first level of analysis. *PGE*, 317 Or at 611. Context supports the conclusion that the first sentence of ORS 46.040 (1993) contains two separate grants of jurisdiction to the district court, only the latter of which is subject to the $3,000 limit.

First, we examine related statutes. *PGE*, 317 Or at 611. ORS 51.050(2) (1993) was part of the statute granting to justice courts jurisdiction of all misdemeanors committed or triable in their respective counties. That subsection provided:

"Any defendant charged with a misdemeanor in a justice court after entering a plea of not guilty, shall be immediately notified of the right of the defendant to have the matter transferred to the district court for the county where the justice court is located, or if there is no district court in the county, then to the circuit court for the county where the justice court is located. The election shall be made within 10 days after the plea of not guilty is entered and the justice shall immediately transfer the case to the appropriate court."

ORS 51.050(2) (1993) plainly contemplated that *all* misdemeanor defendants, without regard to the maximum possible punishment for the misdemeanor, would have an absolute right to transfer the case to the district court, provided only that one existed in that county. If we accept defendant's reading of ORS 46.040 (1993), then ORS 51.050(2) (1993) would not be able to operate fully, because only those defendants who committed misdemeanors punishable by a maximum $3,000 fine could transfer their cases to district court. On the other hand, we can give full effect to ORS 51.050(2) (1993) by reading ORS 46.040 (1993) to place a dollar limit only on the second grant of jurisdiction, not on both grants.

■ Another contextual clue suggesting that the dollar limit applies only to the second grant of jurisdiction in ORS 46.040 (1993) is an analysis of the prior enacted versions of that statute. Prior enacted legislative changes are part of a statute's context. *Owens v. Maass*, 323 Or 430, 435, 918 P2d 808 (1996); *Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994).

The legislature initially gave the district courts two kinds of jurisdiction. Those grants were separate and independent of each other. The two statutes granting jurisdiction to the district courts later were combined into one statute.

With respect to the first grant of jurisdiction expressed in ORS 46.040, the legislature initially granted district courts this jurisdiction:

> "The criminal jurisdiction of said court shall be the same as now conferred by law upon justice's court, and shall be exercised in the same manner." General Laws of Oregon 1913, ch 355, § 6.

After 1913, the legislature made only very minor amendments to that statute, none of which changed the district courts' jurisdiction in any material respect.

In 1925, the legislature granted district courts the jurisdiction expressed in the second clause of ORS 46.040. That grant was as follows:

> "In addition to the criminal jurisdiction of district courts now or hereafter conferred upon them, such courts shall have concurrent jurisdiction with the circuit courts of all misdemeanors committed or triable in their respective counties, where the punishment prescribed shall not exceed one year's imprisonment in the county jail or a fine of not more than $3,000, or both such fine and imprisonment." General Laws of Oregon 1925, ch 120, § 1.

That statute was not amended subsequently in any material respect.

Significantly, the legislature included a dollar limitation only in the statute granting district courts concurrent jurisdiction with circuit courts. The statute conferring on district courts the same jurisdiction as was exercised by justice courts at no time contained a dollar limitation.

In 1935, the legislature combined the two statutes, thereby placing both grants of jurisdiction in one statute. The legislature made minor modifications in each statute, and the new version read as follows:

> "Said district courts shall have the same criminal and quasicriminal jurisdiction as is now or may hereafter be conferred upon district courts or justices' courts, and shall have concurrent jurisdiction with the circuit courts of all misdemeanors committed or triable in their respective counties where the punishment prescribed shall not exceed one year's imprisonment in the county jail or a fine of not more than $3,000, or both such fine and imprisonment." Oregon Laws 1935, ch 401, § 4.

When it combined the two separate statutes into one, the legislature deleted the comma before the word "where," thereby indicating that the final modifying clause was a restrictive clause that modified only the last antecedent. In addition, to emphasize the same grammatical point, the legislature added a comma after the initial clause ending in "justices' courts" to indicate that the two grants of jurisdiction were separate and co-equal grants. The version of the statute that was in effect in 1993 and 1994 is the same in all material respects as the version enacted in 1935.

In summary, our contextual analysis of ORS 46.040 (1993) supports the tentative conclusion that the text suggested: that the clause "where the punishment prescribed does not exceed * * * a fine of $3,000" limits only the second grant of jurisdiction.

Defendant argues that this court gave a contrary interpretation to ORS 46.040 (1993) in *State v. Steagall*, 214 Or 116, 328 P2d 142 (1958). Defendant's argument is not well taken.

In *Steagall*, the defendant was charged with the crime of assault with a dangerous weapon, pursuant to *former* ORS 163.250, *repealed by* Or Laws 1971, ch 843, § 432, which set a punishment to include imprisonment for up to ten years, or imprisonment in the county jail for up to one year, or a fine between $100 and $1,000. 214 Or at 117-18. The circuit court dismissed the charge on the ground that the statute impermissibly created one crime punishable either as

a felony or as a misdemeanor in the discretion of the prosecutor or of the court, in violation of the constitutional principle of equal protection as interpreted in *State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955). *Steagall*, 214 Or at 117-19. On the state's appeal, this court reversed, holding that the statute created only a felony triable in the circuit court. *Id.* at 120-22.

In reasoning to that result, this court responded to the defendant's argument that ORS 46.040 conferred jurisdiction on the district court of the crime alleged. The court said: "Since the penalty authorized by ORS 163.250 exceeds the limit mentioned in 46.040, it is clear that the latter does not confer jurisdiction upon the district court over the crime of assault being armed with a dangerous weapon." *Id.* at 121. In context, that statement does not control the question now before us, because ORS 46.040 did not confer jurisdiction on the district court under *either* prong. Justice courts had no jurisdiction, because the extant version of ORS 51.040(2) provided that a justice court had no jurisdiction to try a person charged with the crime of "[a]ssault * * * with a dangerous weapon." *Id.* at 120. With respect to the second prong of ORS 46.040, district courts had no concurrent jurisdiction, because the prescribed punishment exceeded one year's imprisonment. *Id.* at 121.

To the extent that this court's opinion in *Steagall* is pertinent to the present inquiry, it supports the conclusion that we reach today. If the existence of the lengthy term of imprisonment *alone* were sufficient to defeat the district court's jurisdiction under *either* prong of ORS 46.040, this court in *Steagall* would have had no occasion to point out separately, as it did, that justice courts lacked jurisdiction without regard to the amount of the maximum punishment available for the charged crime.

We realize that our reading of ORS 46.040 (1993) leaves the second grant of jurisdiction in the first sentence without an identifiable operative effect. That is so because, under the first grant of jurisdiction, district courts have jurisdiction of all misdemeanors, without regard to the punishment prescribed. We are faced, however, with a choice between two readings, each of which violates the rule to add

nothing to and subtract nothing from a statute. As noted earlier in this opinion, in order to read the statute as defendant proposes, we would have to change its wording or punctuation. Moreover, if the $3,000 limit were to apply to the first grant of jurisdiction, then *it* would lack an identifiable operative effect. There is no way to interpret ORS 46.040 (1993) so as to give full effect to every part of it.

We conclude that the legislature's intention is clear from an examination of the text and the context of ORS 46.040 (1993). We hold that ORS 46.040 (1993) grants two separate kinds of jurisdiction to district courts: (1) they have the same criminal and quasi-criminal jurisdiction as justice courts, and (2) they also have concurrent jurisdiction with the circuit courts of all misdemeanors committed or triable in their respective counties where the punishment does not exceed a $3,000 fine.

The district court, therefore, had subject-matter jurisdiction when it convicted defendant Webb. That being so, we need not and do not decide any of defendant's constitutional claims about a purportedly retroactive grant of jurisdiction.

The decision of the Court of Appeals is reversed. The judgment of the district court is affirmed.