Submitted on remand from the Oregon Supreme Court November 24, 1997, conviction affirmed; remanded for resentencing January 7, 1998, petition for review denied April 21, 1998 (327 Or 123)

# STATE OF OREGON,
*Respondent,*

*v.*

# MARELENE S. DIKEMAN,
*Appellant.*

## (DC9411671; CA A85602)

952 P2d 564

Sally L. Avera, Public Defender, and Eric M. Cumfer, Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Virginia Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant was convicted in district court of Forgery II, a Class A misdemeanor punishable by a fine of $5,000. We originally vacated the judgment of conviction under *State v. Rudder/Webb*, 137 Or App 43, 903 P2d 393, 137 Or App 282, 903 P2d 418 (1995). In light of the Supreme Court's reversal of *State v. Webb*, 324 Or 380, 927 P2d 79 (1996), and *State v. Rudder*, 324 Or 512, 929 P2d 1009 (1997), this case is remanded to us for consideration of the merits of the appeal. Defendant challenges the trial court's imposition of a monetary assessment totaling $563 as a condition of probation[1] on the ground that the trial court erred in not considering defendant's ability to pay. ORS 161.675(3). In fact, the record shows that the question of defendant's ability to pay was brought to the court's attention,[2] but the trial court made no express findings concerning it. Before ordering payment of costs, the court must make a finding of an ability to pay, and failure to do so is a ground for reversal. *State v. Fisher*, 105 Or App 345, 804 P2d 517 (1991).

Conviction affirmed; remanded for resentencing.

---

[1] The court imposed $255 in court-appointed attorney fees, a $250 compensatory fine and a unitary assessment of $54.

[2] At sentencing, defendant's attorney told the court:

*"I will indicate, Your Honor, that [defendant's] income is limited right now. And, she receives public assistance and food stamps.* And I don't know that there'd be an appropriate basis for a $250 compensatory fine to the victim in this case. Certainly the victim was out some time, and—but was not out any money. There are no losses to the victim as such, Your Honor." (Emphasis supplied.)

The *un*emphasized portion of the statement addresses the question of whether the victim's loss was of a type that is subject to restitution. Defendant does not pursue that issue on appeal. The only question is whether the emphasized portion of the statement preserved defendant's argument about her ability to pay. We conclude that it did.